(No. 3759— ▮▮▮▮▮▮▮▮▮▮)

JEFF ALDRIDGE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1944.*

LLOYD H. MELTON, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM AND C. ARTHUR NEBEL, Assistants Attorney General, for respondent.

FISHER, J.

The complaint in this case was filed on September 28, 1942, asking for benefits under the Illinois Workmen's Compensation Act. It is alleged that claimant was employed by the Department of Public Works and Buildings, Division of Highways, of the State of Illinois, and that claimant was injured while in the performance of his duties. The complaint alleges that while engaged in the act of mowing weeds and grass along Highway Route No. 34 about two miles south of the city of Harrisburg, Illinois, claimant was struck by a trailer which came loose from a passing car, with the result that the bone of his right leg was fractured above the ankle.

The complaint further alleges that the injury arose out of and in the course of his employment.

The complaint further alleges that claimant received medical treatment at the Lightner Hospital in Harrisburg, Illinois, and that respondent paid the medical and hospital expenses and compensation to claimant for tem-

porary total disability from September 30, 1941, to February 28, 1942, in the sum of $310.70.

The complaint further alleges that respondent had notice of the injury on the date the accident occurred; that at the time of the injury claimant had two children under the age of 16 years; that claimant's average weekly earnings were $24.00; that no corporation or third party has any interest in the claim; and that claimant is entitled to compensation for the partial loss of the use of his right leg.

The record in this case consists of the complaint, report of the Division of Highways, testimony presented on behalf of the claimant, a stipulation between the claimant and respondent that the report of the Division of Highways shall constitute the evidence of the respondent and have the affect as being introduced on direct testimony, a waiver of statement, brief and argument on behalf of the claimant, and statement, brief and argument on behalf of respondent.

The facts as alleged by the claimant, are sustained substantially by the report of the Division of Highways. All jurisdictional requirements have been met, and this Court has jurisdiction of the claim. The claimant is entitled to the benefits provided in the Workmen's Compensation Act.

Claimant was an employee of the State of Illinois, Division of Highways, and engaged in the performance of his duties at the time of the accident. It appears from the record that the injury on September 29, 1941, arose out of and in the course of his employment. As the claimant is asking solely for compensation for a permanent disability, the only question before this Court appears to be whether or not a permanent disability does exist, and if so, to what extent.

The report of the Division of Highways, stipulated as part of the record in this case, shows that compensation was paid to the claimant for total temporary incapacity for the period from September 30, 1941, to February 28, 1942, in the amount of $310.73, and this is admitted in the complaint. Compensation for total temporary incapacity was paid for 152 days or 21 5/7 weeks. The report further shows that the claimant was first employed on May 21, 1941, and had not been engaged in the employment of the respondent for one year at the time of the injury. Therefore, the basis for computing his compensation must be in accord with paragraphs (c) and (e) of Section 10 of the Workmen's Compensation Act.

The report shows that claimant was employed at the rate of 50c an hour; that eight hours constituted a normal working day; and that employees engaged in the same capacity at the time of the accident worked for the Division less than 200 days per year. By paragraph (e), Section 10, claimant's compensation is computed on the basis of $4.00 a day for 200 days, giving him an annual wage of $800.00, or an average weekly wage of $15.38. Paragraph (b), Section 8, Workmen's Compensation Act, provides that compensation for temporary total incapacity shall be 50% of the weekly wage, but not less than $7.50 nor more than $15.00 per week. Paragraph (j) subparagraph 2 of Section 8, provides that where a weekly minimum of $7.50 is provided, and the employee has children under the age of 16 years, the minimum shall be increased according to the number of children. The claimant in this case had two children under the age of 16 years, and is therefore entitled to the minimum rate of $12.00 per week, which amount is further increased by 10% by paragraph (i). Therefore,

claimant is entitled to $13.20 per week for 21 5/7 weeks, or $286.63, as compensation for his temporary total incapacity.

As the claimant has been paid $310.73, there has been an overpayment in the amount of $24.10, which must be deducted from any award found due him.

It is not disputed that claimant has suffered a permanent partial loss of the use of his right leg, but there is some disagreement as to the degree of the loss. From all the evidence, we are of the opinion that claimant, as a result of the injury, has permanently lost 20% of the use of his right leg. He is, therefore, entitled to receive the sum of $13.20 per week for a period of 38 weeks, or $501.60. This amount must be reduced by $24.10, the amount which he was overpaid for his temporary total incapacity.

An award is therefore entered in favor of claimant, Jeff Aldridge, in the sum of $477.50, all of which is accrued and is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."